SMITH *v.* HARWELL.

4-5754                                          136 S. W. 2d 172

Opinion delivered January 29, 1940.

*Taylor & Taylor,* for appellant.

*G. B. Segraves,* for appellee.

HUMPHREYS, J.  Appellant brought this suit against appellee in the Osceola district of Mississippi county seeking to have the court declare a constructive trust existing between appellee and appellant on the fractional northwest quarter of section 30, township 13 north, range 11 east, in Mississippi county, Arkansas, growing out of an application appellant made to appellee for a loan on said real estate to enable appellant to acquire the title to said real estate in consideration of $2,050, whereas, under appellant's contract for the purchase of said land from the Luxora Cooperage Company, he owed it a balance of $4,050.

It was alleged, in substance, in the complaint that appellant purchased said real estate from the Luxora Cooperage Company under a written contract, dated February 26, 1935, for $4,500 to be paid in five years in monthly installments of $50 and a cash payment at the end of each year of $300, making a total payment each year of $900 or $4,500 at the expiration of the five year period; that appellant made monthly payments, from April to December inclusive, to the Luxora Cooperage Company or a total of $450 leaving a balance due on his contract of $4,050; that during the month of January, 1936, the Luxora Cooperage Company through its president, Alvin Wunderlich, proposed to appellant to make him a deed to the land for $2,000 cash and release the contract; that, in order to obtain $2,000 in cash with which to pay the Luxora Cooperage Company and thereby save appellant $2,050, he applied to appellee for a loan agreeing to secure him with a first mortgage on said real estate; that during the pendency of negotia-

tions for the loan and after an inspection of the land and after showing appellee appellant's contract with the Luxora Cooperage Company and after informing appellee that the rental value of the lands and eight houses thereon was about $1,080 a year, appellee, leading appellant to believe appellee would lend him the money, he, appellee, bought the land and the contract for $1,750 from the Luxora Cooperage Company, instead of making the loan to him and thereafter collected from appellant the monthly payments of $50 a month and $300 cash each year or a total of $2,350 and a $300 note and demanded that appellant pay appellee the balance due under the terms of the contract before appellee would deed the land to appellant.

Appellee filed an answer to the complaint denying that any fiduciary relationship arose between them on account of the application to appellee for the loan, and denied that during the pendency of the negotiations for the loan he took advantage of the information he had received from appellant as to the character of contract appellant had with the Luxora Cooperage Company, but on the contrary that after making the inspection of the property he declined to make the loan and stated that subsequently he purchased the land and contract himself and was entitled to enjoy the discount in purchasing same.

The court heard the evidence and dismissed appellant's complaint for want of equity, from which is this appeal.

There is no dispute in the evidence as to the character of contract that appellant had with the Luxora Cooperage Company with reference to the purchase of the land and no dispute that the Luxora Cooperage Company offered appellant a discount on the balance due under the contract if appellant would pay it $2,000 in cash and no dispute that appellant applied to appellee for a loan to pay the Luxora Cooperage Company the difference between the discount offered and the amount to be paid under the provisions of the contract. The only dispute in the evidence is whether during the pendency

of the negotiations for the loan appellee lead appellant to believe that he would make the loan and instead of doing so took advantage of the information he had received to buy the contract and reap the benefit of the discount himself.

Appellant testified that he applied for the loan, and during the negotiations appellee inspected the property and lead him to believe that he would make the loan and instead of doing so purchased the land and contract from the Luxora Cooperage Company and obtained the discount himself.

Appellee testified that after inspecting the property he declined to make the loan and at a later date bought the contract at a discount, and that after he bought the contract appellant requested him to indorse on the contract that appellant had paid $450 on same and to indorse on the contract the January payment due thereon of $50, and that thereafter appellant without any protest or objection continued to pay the monthly payments to appellee under the terms of the contract until this suit was instituted by appellant.

Appellant contends that the fact that he applied for the loan to appellee created a fiduciary relationship between them and for that reason, as a matter of law, a constructive trust was implied to the effect that appellee purchased the contract for the benefit of appellant.

In the first place we do not think any fiduciary relationship between the parties was established by the evidence in this case. An application to a lender for a loan creates no such relationship simply because the applicant was lead to believe the loan would be made to him. No agency between the parties was created by the application. Even though the lender should lead the applicant to believe the loan would be made, the lender would be at liberty to make or refuse it. Appellant did not employ appellee to procure a loan for him, and he in no sense became appellant's agent. Even if appellee had promised to make appellant the loan, a refusal to do so thereafter would amount to nothing more nor less than a breach of his promise and the failure to keep the

promise would not constitute appellee a trustee in any sense.

But even if it should be conceded that appellee became the agent or trustee of appellant, appellant waived any right to bring a suit for a breach of promise by his subsequent acts and conduct. The undisputed testimony is to the effect that, after appellee purchased the contract from the Luxora Cooperage Company and procured a deed from it to the land, appellant asked the appellee to enter on the back of the contract the payment of $450 he had made to the Luxora Cooperage Company and to give him credit for the $50 he was then paying appellee for the January installment. He continued without objection or protest to pay the monthly payments of $50 and $300 at the expiration of each year for two years and ten months. This was clearly an approval of the purchase of the contract by appellee, and after thus approving the purchase he is clearly estopped from insisting at this late date that appellee procured the contract and title to the property by the commission of any actual fraud upon him. Actual fraud is a necessary element of a trust *ex maleficio*. One cannot be heard, after approving a transaction and complying with the terms of a contract growing out of the transaction, to repudiate the contract. Appellant clearly estopped himself from repudiating the contract by the payments he made under it to appellee without objection or protest.

No error appearing, the judgment is affirmed.